SALINA M. KANAI #8096
Federal Public Defender
District of Hawaii
CRAIG W. JEROME #8797
First Assistant Federal Defender
300 Ala Moana Boulevard, Suite 7104
Honolulu, Hawaii 96850
Telephone:  808-541-2521
Facsimile:  808-541-3545
E-Mail:     salina_kanai@fd.org
            craig_jerome@fd.org

Attorneys for Defendant
KAULANA ALO-KAONOHI (01)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>v.<br><br>KAULANA ALO-KAONOHI (01),<br>and LEVI AKI, JR. (02),<br>Defendants | DC No. 1:20-cr-00136-JMS<br><br>Defendant Alo-Kaonohi's Response to<br>Government's Motion to Admit<br>Evidence of Defendant Alo-Kaonohi's<br>Other Assault<br><br>Certificate of Service |

**Defendant Alo-Kaonohi's Response to Government's Motion to Admit Evidence of Defendant Alo-Kaonohi's Other Assault**

The government seeks to spend a half day of this trial hearing testimony from P.I. about, and presenting a 30-minute surveillance video of, a completely unrelated incident ("the Steel Horse Saloon assault") because the government claims it is "powerful evidence" of defendant Kaulana Alo-Kaonohi's "racial animus" against anyone who is, or whom he perceives to be, white.

The Steel Horse Saloon incident has no connection to the present matter: it involved a different victim, it occurred well away from the "tight-knit" village in which the indicted crime occurred, and involved a far different set of circumstances that triggered the assault. However, the primary problem with the government's argument is that it rests upon a faulty notion – that the Steel Horse Saloon assault was committed because of racial animus towards white people. The discovery that the government has provided does not indicate that the assault was a hate crime, and the government's motion offers no proof that it was. In fact, the government's attorneys have not disclosed the single piece of evidence that they have about the reason for the assault. Because the government's argument rests on a faulty notion, the government's arguments for admitting evidence of such fail to persuade.

There is not a shred of evidence that P.I. was assaulted because of his race; the telling lack of a proffer of any such evidence in the government's motion

2

makes that clear. And, in fact, the government's own investigation revealed that the assault was committed for a race-neutral reason. On December 16, 2020, a federal agent and federal civil rights attorneys interviewed Kailea Moikaha, Alo-Kaonohi's girlfriend. When asked about the incident at the Steel Horse Saloon with P.I., Moikaha told the government that Alo-Kaonohi had told her that "the guy [Alo-Kaonohi] assaulted was trying to dance really close to Kaonohi's aunty and Kaonohi told the guy to back off but he kept dancing next to them." Bates KAONOHI_002687.

Whether the government believes Moikaha or not is beside the point. The point is that there is a plausible, race-neutral reason that the assault occurred, which will trigger a trial-within-a-trial over whether the Steel Horse Saloon assault occurred "but for" the victim's race or not. The government's primary argument, then, that the assault is "powerful evidence of [Alo-Kaonohi's] racial animus," is not supported by any evidence and is, rather, rebutted by the government's own investigation.

The government's additional claim that Alo-Kaonohi was motivated by a desire "to keep white people out of his . . . local bar" is, also not only completely without support but contradicted by the material the government has in its possession. First, there was no evidence that this was Alo-Kaonohi's "local bar." Geographically, this "local" bar (now closed) was approximately 14.7 miles and a

48 minute drive away from Kahakuloa Village per google maps. Second, the bartender was interviewed on the night of the incident and said she "had never seen [Alo-Kaonohi] . . . in the bar before and did not recognize" him. Bates KAONOHI_002526. And, according to the police report of the incident, "the responsible is not known to be a frequent customer of Steel Horse Saloon." Bates KAONOHI_002533. Additionally, discovery provided to the defense on May 18, 2022, (the same day the government filed its motion) contains a statement from P.I. that there "were 10 to 15 other white guys in the Steel Horse Saloon" that night, none of whom Alo-Kaonohi had an issue with. Bates KAONOHI_004127.

Therefore, evidence of the Steel Horse Saloon assault has no probative value and is inadmissible at trial under FRE Rule 402 on irrelevancy grounds. Saying, moreover, that admission of such evidence would not be unfairly prejudicial under FRE 403 is absurd, for it invites nothing but the propensity inference (that Alo-Kaonohi committed a hate crime at the saloon, so he must have done so at Kahakuloa Village) that FRE 404 disallows. The government's purported use of this incident is nothing more than an attempt to improperly escape the strictures of FRE 404(b)(1) through naked speculation. As the government has failed to proffer even a modicum of proof that would show a motive or intent that is the same as the motive alleged in the instant case, they have also failed to show the evidence is admissible pursuant to FRE 404(b)(2).

The government also contends that the Steel Horse Saloon assault should be admitted "in light of the difficulty in establishing the requisite racial animus." ECF 66 at PageID 489. Indeed, the evidence establishes that Alo-Kaonohi's statement to the police does not contain the barest hint of racial animus and he does not once utter any racial slur on the audio. The government contends that as Alo-Kaonohi "was on the second-floor balcony for most of the charged incident, the racial comments he made to C.K. during the attack were not caught on surveillance video," and therefore the Steel Horse Saloon assault evidence is necessary. ECF 66, at PageID 489. That is a troubling argument because accepting it requires presuming Alo-Kaonohi is guilty of the hate crime the government accuses him of committing and making a factual finding that C.K. is credible and telling the truth. The jury may well find that the video does not capture Alo-Kaonohi making racial remarks *because he did not make them* and thus, C.K.'s allegations that Alo-Kaonohi made such remarks are not credible. The video's sound quality makes such an inference an easy one to draw. The government's ask – that this Court bootstrap in the Steel Horse Saloon evidence because C.K. is credible and Alo-Kaonohi is guilty of what he is accused of committing – rests upon a presumption of guilt, which is not a valid basis for admitting the Steel Horse Saloon evidence.

The evidence is also a needless waste of time under FRE 403. The government is incorrect that getting into the Steel Horse Saloon incident will take

5

only half a trial day. It will likely take far longer, because what the government is asking this Court to do is conduct its own trial on whether an incident that occurred some eight years ago was or was not a hate crime. The government's optimistic calculation of the time this would take fails to take into account Alo-Kaonohi's rights, should this evidence be admitted, to cross-examination of that witness, to adduce testimony about the incident from his own witnesses, and to fully litigate whether the prior incident was the hate crime the government contends it was. Moreover, if the Government's Motion to Admit Extrinsic Evidence of Motive (ECF 65) is granted, then the Rule 403 balance weighs even more heavily against admissibility of the Steel Horse Saloon assault. In that motion, the government seeks to adduce *another* half day or so of testimony from three witnesses and additional video footage that, the government claims, goes to proving racial animus and Alo-Kaonohi's motive and intent, even though Alo-Kaonohi is not at all part of those events. If that evidence is admitted, the Steel Horse Saloon evidence would seem to be cumulative, in addition to being unfairly prejudicial, a waste of time, and irrelevant.

It is also worth asking why, if the government truly believed the Steel Horse Saloon assault was a hate crime, did it not include it as an additional count in the indictment? After all, as the government makes such a point of emphasizing, the Steel Horse Saloon assault occurred roughly contemporaneously with the assault

alleged in the present matter and was similarly punished in state court as the run-of-the-mill bar fight it was. That the government opted not to include a Steel Horse Saloon count in the indictment suggests that even the government does not truly believe it was a hate crime.

This Court should, accordingly, deny the misleadingly-titled Government's Motion to Admit Evidence of Defendant Alo-Kaonohi's Other Racially Motivated Assault (ECF 66).

Dated: Honolulu, Hawaii, May 27, 2022.

*/s/ Salina M. Kanai*
Salina M. Kanai
Federal Public Defender
*Attorney for Defendant*
Kaulana Alo-Kaonohi

## CERTIFICATE OF SERVICE

I, Salina M. Kanai, certify that a true and correct copy of the foregoing was served on the following by the method of service indicated on May 27, 2022.

Served electronically via CM/ECF:

> CHRIS A. THOMAS          chris.thomas@usdoj.gov
> Assistant United States Attorney
> 300 Ala Moana Boulevard, Room 6100
> Honolulu, Hawaii 96850

> CHRISTOPHER J. PERRAS     christopher.perras@usdoj.gov
> TARA KNOLL ALLISON       Tara.Allison@usdoj.gov
> U.S. Department of Justice
> Civil Rights Division
> 150 M Street, NE, 7th Floor
> Washington, DC 20002

> Attorneys for Plaintiff
> UNITED STATES OF AMERICA

Date: Honolulu, Hawaii, May 27, 2022.

> /s/ Salina M. Kanai
> Salina M. Kanai
> Federal Public Defender
>     for the District of Hawaii
> *Attorney for Defendant*
> Kaulana Alo-Kaonohi